RECEIVE

SUPREME COURT
OF GUAM

By: _____

# IN THE SUPERIOR COURT OF GUAM

THE PEOPLE OF GUAM, ) CRIMINAL CASE NO. CF509-08
)
)
)
vs. ) **DECISION AND ORDER**
) **(Motion to Dismiss Indictment)**
)
)
JONATHAN ANTHONY LEON )
GUERRERO, )
)
         **Defendant.** )
)
)

## INTRODUCTION

This matter came before the Honorable Anita A. Sukola on March 2, 2009, for a hearing on Jonathan Anthony Leon Guerrero's ("Defendant") Motion to Dismiss Indictment. Attorney Pablo Aglubat of Public Defender Service Corp. appeared on behalf of the Defendant. Attorney Suzanne K. Horrigan appeared on behalf of the People of Guam ("the People"). Upon review of the evidence, oral and written arguments, and legal authorities presented by both attorneys, the court hereby issues this Decision and Order.

## BACKGROUND

On November 7, 2008, the Grand Jury indicted Defendant as follows: (1) on or about October 29, 2008, Defendant, did enter the habitable property of Francis F. Reyes, #546 Cruz

Street, Merizo, Guam, with the intent to commit the crime of theft therein, at the time when the premises were neither open to the public nor the Defendant licensed or privileged to so enter, in violation of 9 G.C.A. §§ 37.20(a0 and 37.20(b); and (2) on or about October 29, 2008, Defendant, did unlawfully take, obtain and exercise unlawful control over the moveable property of Francis F. Reyes, that is, a Playstation, with the intent to deprive Francis F. Reyes thereof, the amount involved exceeding $50.00 but less than $500.00, in violation of 9 G.C.A. §§ 43.20(c) and 43.30(a). Indictment (November 7, 2008).

On February 2, 2009, Defendant filed a Motion to Dismiss Indictment. Defendant argued that the People failed to present sufficient evidence to the Grand Jury to support the charges of Burglary and Theft of Property. Defendant's Memorandum at 1 (February 2, 2009). Defendant support's his entire argument on 8 G.C.A. § 50.54. The People failed to file a written opposition to Defendant's Motion to Dismiss Indictment.

On March 3, 2009, a motion hearing was held. Defendant asked the Court to preclude the People from making oral arguments during the motion hearing. The Court noted the People's failure to file an opposition, but allowed the People to make an oral opposition. The Court now addresses Defendant's Motion to Dismiss Indictment.

## DISCUSSION

Defendant argued that there was no reasonable cause for the Grand Jury to indict the Defendant because there was no evidence presented that Defendant was at the Victim's residence – where the alleged burglary and theft occurred. Defendant's Memorandum at 2 (February 2, 2009). The United States Supreme Court has repeatedly held that an indictment valid on its face is not subject to challenge on the grounds of insufficient evidence. United State v. Williams, 504 U.S. 36, 54, 112 S.Ct. 1735 (1992); Bank of Nova Scotia v. United States, 487 U.S. 250, 262,

108 S.Ct. 2369 (1988); United States v. Calandra, 414 U.S. 338, 344-345, 94 S.Ct. 613 (1974); Costello v. United States, 350 U.S. 359, 363, 76S.Ct. 406 (1956); but see United States v. Romero, 585 F.2d 391, 399 (9th Cir. 1978) (acknowledging that "a complete absence of evidence might serve to invalidate an indictment"). A grand Jury indictment may be subject to dismissal only in cases of a prosecutor's "flagrant deception" or "overreaching" of the grand jury.

Guam law requires that "[t]he grand jury shall receive only evidence presented to it by the prosecuting attorney, but the prosecuting attorney shall submit any evidence in his possession which would tend to negate guilt." 8 G.C.A § 50.46. The standard for determining whether error in the grand jury proceedings justifies dismissal of the indictment prior to trial a court must consider whether the defendant has been prejudiced by the error. People of Territory of Guam v. Muna, 999 F.2d 397, 399 (9th Cir. 1993) (citing Bank of Nova Scotia, 487 U.S. 250 at 25, 108 S.Ct. 2369. Prejudice is established "if it is established that the violation substantially influenced the grand jury's decision to indict, or if there is grave "doubt" that the decision to indict was free from substantial influence of such violations." Bank of Nova Scotia, 487 U.S. at 256, 108 S.Ct. at 2374. A Court may dismiss an indictment if the prosecutorial conduct was "flagrant" and caused substantial prejudice to the defendant. United State v. Jacobs, 855 F.2d 652, 655 (9th Cir. 1988). However, absent flagrant or prejudicial prosecutorial misconduct, dismissal is an abuse of discretion. Id. at 65. The Court finds the People's conduct was neither flagrant nor did it cause substantial prejudice to the defendant. Therefore, the Court will deny Defendant's Motion to Dismiss the Indictment.

Defendant argued that there was insufficient evidence for the Grand Jury to indict him for the offenses alleged in the magistrate's complaint. The Court disagrees. The grand jury shall

find an indictment when from the evidence presented there is reasonable cause to believe that an indictable offense has been committed and that the defendant committed it. 8 G.C.A. § 50.54. Under 9 G.C.A. § 37.20(a), a person is guilty of Burglary if he: (1) enters or surreptitiously remains in any habitable property or a separately secured or occupied portion thereof; and (2) with the intent to commit a crime therein.

In this case, the People must present facts that Defendant entered habitable property. 9 G.C.A. § 37.20(a). Officer Lujan arrived at the scene he met with a witness – Ben Castro ("Castro"). Grand Jury Proceedings at 2:40 p.m. Castro informed Officer Lujan that he was jogging past his brother's residence – which was located in the Pigua, Merizo. Id. Castro notice a male individual was doing something to the residence's kitchen window. Id. at 2:41 p.m. Castro was able to get a good look at the individual's face before the individual fled. Id. Castro indicated that the individual was holding a green heavy-duty bag. Id. The Court determines that there is sufficient evidence Defendant entered a habitable property.

The People next must present facts that Defendant intended to commit a crime within the habitable property. 9 G.C.A. § 37.20(a). The People alleged that Defendant committed the crime of Theft of Property in violation of 9 G.C.A § 43.20(c). Under 9 G.C.A. § 43.20(c), a person is guilty of Theft of Property if he unlawfully takes or obtains or exercises unlawful control over moveable property of another with the intent to deprive him thereof. 9 G.C.A. § 43.30.

The People have offered sufficient evidence that Defendant committed the crime of Theft of Property. Officer Lujan testified that Officer Babauta made contact with Francis Reyes – the owner of the home located in Pigua, Merizo. Grand Jury Proceedings at 2:46 p.m. Upon Officer Babauta's interview with Ms. Reyes, it was discovered that a Playstation was missing from her home. Id. The Playstation was never recovered. Id. The Court determines that there was

sufficient evidence Defendant entered the habitable property of Francis Reyes with the intent to commit the crime of Theft property. Therefore, the Court will deny Defendant's Motion to Dismiss the Indictment.

Castro gave a description of the individual as being a possible construction worker. Id. at 2:42 p.m. Officer Castro visited a nearby construction site and interviewed a Charlie Valencia ("Valencia") – who was in charge of the construction site. Id. Valencia indicated that there was a person who fit the description who was not presently on the site. Id. at 2:43 p.m. The individual returned to the construction site. Id. Castro was at the construction site and identified the individual – Defendant – as the person who had been at the window of the residence located in Pigua, Merizo. Id. at 2:45 p.m. The Court determines that there is enough evidence to support charging Defendant with the offenses of Burglary and Theft of Property. Therefore, the Court will deny Defendant's Motion to Dismiss Indictment.

## CONCLUSION

By preponderance of the evidence and based on the foregoing reasons, the Court DENIES Defendant's Motion to Dismiss Indictment.

A trial setting is scheduled for May 29, 2009, at 10:00 a.m.

**SO ORDERED** this ___4___ day of ___May___, 2009.

I do hereby certify that the foregoing is a full true and correct copy of the original or file in the office of the clerk of the Superior Court of Guam
Dated at Hagåtña, Guam:

MAY 0 4 2009

James R. Borja
Deputy Clerk, Superior Court of Guam

_____
HONORABLE ANITA A. SUKOLA
Judge, Superior Court of Guam